Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| CARLOS M. RODRÍGUEZ RIVERA, ET. AL.<br><br>Peticionarios<br><br>v.<br><br>IVÁN N. RIVERA ORTIZ<br><br>Recurrido | KLCE202400160 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Superior de Arecibo<br><br>Caso Núm. CPE2011-0371<br><br>Sobre:<br>Acción de Deslinde |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero, y la Jueza Boria Vizcarrondo.

Pagán Ocasio, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 9 de febrero de 2024.

### I.

El 8 de febrero de 2024, la parte peticionaria de epígrafe presentó una *Petición* de *certiorari* en la que solicitó que revoquemos una *Resolución y Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI o foro primario) el 10 de enero de 2024, notificada y archivada en autos ese mismo día.[1] Mediante el dictamen, el TPI denegó una solicitud de la parte peticionaria para la contratación de un nuevo perito agrimensor en la acción de deslinde que promueve contra el señor Iván N. Rivera Ortiz (señor Rivera Ortiz o recurrido).

Al mismo tiempo, radicó una *Moción urgente en solicitud de auxilio a la jurisdicción y en solicitud de paralización de procedimientos* en la que informó que el caso tenía señalado juicio en su fondo para los días 22 al 25 de abril de 2024 y, por

---

[1] Véase Apéndice de la *Petición* de *certiorari*.

consiguiente, solicitó que paralizáramos los procedimientos ante el foro primario.

Como cuestión de umbral, la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5), nos confiere la facultad para prescindir de escritos en cualquier caso ante nuestra consideración, con el propósito de lograr su más justo y eficiente despacho. Al amparo de ello, dadas las particularidades de este caso, prescindimos de la comparecencia de la parte recurrida.

En adelante, pormenorizamos los hechos procesales más relevantes a la petición de *Certiorari.*

**II.**

El caso de marras tuvo su génesis el 29 de diciembre del 2011 cuando la parte peticionaria radicó una *Demanda* sobre acción de deslinde en contra del recurrido. Desde ese entonces, el pleito ha tenido una vasta y accidentada historia procesal, cuyo trámite resulta innecesario pormenorizar en esta ocasión.

Resulta menester resaltar que, el 19 de julio de 2017, el TPI emitió una *Sentencia* en la que declaró No Ha Lugar la *Demanda* por entender que la acción de deslinde era innecesaria. Inconforme, la parte peticionaria apeló la decisión. Al recurso se le asignó el alfanumérico KLAN201701224.

Posteriormente, el 22 de junio de 2020, un panel hermano de este tribunal emitió una *Sentencia* en la que revocó al TPI y le ordenó llevar a cabo la acción de deslinde.[2]

Devuelto el caso al foro primario, el 13 de julio de 2021, se celebró una vista sobre el estado de los procedimientos.[3] En esa

---

[2] Véase la *Sentencia* del 22 de junio de 2020 en el KLAN201701224.
[3] Este dato, así como el subsiguiente recuento, se desprenden de la *Resolución y Orden* recurrida.

vista, entre otras cosas, la parte peticionaria indicó que su perito era el agrimensor William R. Torres Ramírez (señor Torres Ramírez).

El 28 de octubre de 2021, se celebró otra vista sobre el estado de los procedimientos. En esa ocasión, la parte peticionaria reiteró que utilizaría al señor Torres Ramírez como perito. El foro primario concedió hasta el 3 de marzo de 2022 para culminar el descubrimiento de prueba y señaló fecha para llevar a cabo la Conferencia con Antelación a Juicio.

El 26 de abril de 2022, se celebró la conferencia con antelación a juicio y, en lo pertinente, la parte peticionaria informó el *Informe Pericial* del señor Torres Ramírez no estaba disponible. Por ello, el TPI le concedió a la parte peticionaria sesenta (60) días para rendir el informe de su perito. Además, ambas partes expresaron que no estaban listos para la vista y, por ello, el foro primario señaló una segunda vista de conferencia con antelación a juicio el 24 de agosto de 2022.

Según consigna el TPI en su *Resolución y Orden*, el 28 de julio de 2022, el señor Rivera Ortiz informó al foro primario que la parte peticionaria incumplió con la orden de presentar el *Informe Pericial*. En consecuencia, el TPI le impuso una sanción económica a la representación de legal de la parte peticionaria y le concedió un término de veinte (20) días para cumplir, sujeto a que no se permitiera la presentación del perito ante su incumplimiento. Sin embargo, dicha orden no se notificó a la parte peticionaria.

El 24 de agosto de 2022, se celebró una segunda vista de Conferencia Con Antelación a Juicio en la que se realizó un recuento del prolongado tracto procesal del caso. El TPI reiteró que, conforme a su orden del 8 de agosto de 2022, la parte peticionaria tenía hasta el 28 de agosto de 2022 para presentar el *Informe Pericial* y advirtió que un incumplimiento con esa orden provocaría la exclusión del perito. En vista de lo anterior, extendió el descubrimiento de prueba

al 16 de diciembre de 2022 y recalendarizó, por tercera ocasión, la conferencia con antelación a juicio para el 25 de enero de 2023.

El 25 de enero de 2023, la representación legal de la parte peticionaria informó que uno de los demandantes había fallecido y solicitó la sustitución de la parte fenecida. Luego de conceder un término para la sustitución y de que se completara la misma, el TPI señaló la vista para el 15 de agosto de 2023.

Empero, ante el fallecimiento de otro demandante, el TPI concedió término adicional para su sustitución. Completada la misma, el foro primario señaló la vista de conferencia con antelación a juicio para el 9 de enero de 2024. Esto es, **un año y cuatro meses después de que se le concedió un término final** a la parte peticionaria para entregar el *Informe Pericial* del señor Torres Ramírez.

El 9 de enero de 2024, se celebró, por cuarta ocasión, la conferencia con antelación a juicio. En esta ocasión, la parte peticionaria informó que no tenía comunicación con el señor Torres Ramírez, quien estaba incapacitado y cuya licencia estaba cancelada. En consecuencia, solicitó que se le permitiera contratar un nuevo perito. Ello, suscitó la oportuna objeción del recurrido.

El 10 de enero de 2024, el TPI emitió la *Resolución y Orden* recurrida en la que declaró No Ha Lugar la solicitud de la parte peticionaria de contratar un nuevo perito.[4] Consideró el foro primario que le brindó a la parte peticionaria suficientes oportunidades para entregar el *Informe Pericial* sin que lo hiciera. Más aún, puntualizó que la parte peticionaria no cumplió con las órdenes del TPI, ni realizó la mensura interesada y, por ello, fue sancionada económicamente y apercibida de las consecuencias de su incumplimiento.

---

[4] Véase Apéndice de la *Petición* de *certiorari*.

El 8 de febrero de 2024, la parte peticionaria presentó *Petición* de epígrafe en la que solicitó que revoquemos la *Resolución y Orden* y le imputó al foro primario la comisión del siguiente error:

> Erró el Tribunal de Primera Instancia al declarar "No Ha Lugar" la solicitud para la contratación de un nuevo perito agrimensor.

Para apoyar su señalamiento, la parte peticionaria argumentó que la denegatoria de contratar un nuevo perito le dejaba sin evidencia para probar su caso. También, adujo que el TPI no consideró que los problemas con el señor Torres Ramírez fueron anunciados en las vistas celebradas y en algunas mociones radicadas.[5] De igual manera, planteó que el señor Torres Ramírez acudió a la vista del 24 de agosto de 2022 e informó que necesitaba más tiempo para preparar el *Informe Pericial*. Además, alegó que existe un documento de una página, preparado por el señor Torres Ramírez, en el que se expresó la opinión profesional del perito sobre el camino en controversia. No obstantes, según sus propias expresiones, se desconoce el paradero de ese documento. Por último, resumió sus gestiones para localizar al señor Torres Ramírez de la siguiente forma:

> La parte demandante estuvo activamente tratando de localizar al perito William Torres y no daba con su paradero. La parte demandante se personó al lugar donde estaba ubicada la oficina del perito la cual se encontraba cerrada. De igual manera, fue al complejo de vivienda de éste y le informaron que ya no residía en el lugar. En diciembre de 2023, la parte demandante se encontró en el pueblo de Ciales con un antiguo empleado del perito quien le informó que alegadamente [sic] este había sido diagnosticado con "Alzheimer" y la familia se había hecho a cargo de su persona.

También, radicó una *Moción urgente en solicitud de auxilio a la jurisdicción y en solicitud de paralización de procedimientos* en la que solicitó que paralizáramos los procedimientos ante el foro primario.

---

[5] Es de notar que en el *Apéndice* constan algunas mociones presentadas por la parte peticionaria inadecuadamente identificadas. Aun considerando su contenido, el mismo no altera la disposición de este recurso.

**III.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1,[6] establece las instancias en las que el foro revisor posee autoridad para expedir un auto de *certiorari* sobre materia civil. ***Scotiabank v. ZAF Corporation, et als.***, 202 DPR 478 (2019). La citada regla delimita el alcance jurisdiccional del Tribunal de Apelaciones para atender un recurso de *certiorari* que trate sobre la revisión de dictámenes interlocutorios del Tribunal de Primera Instancia. ***Mun. de Caguas v. JRO Construction***, 201 DPR 703 (2019). Nuestro rol al atender recursos de *certiorari* descansa en la premisa de que es el foro de instancia quien está en mejor posición para resolver controversias interlocutorias, o de manejo del caso, y en la cautela

---

[6] Esta Regla dispone que:

[....]

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios (sic), anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales. (Énfasis nuestro).

que debemos ejercer para no interrumpir injustificadamente el curso corriente de los pleitos que se ventilan ante ese foro. ***Torres Martínez v. Torres Ghigliotty***, 175 DPR 83, 97 (2008).

Si el asunto sobre el cual versa el recurso de *certiorari* está comprendido en una de las instancias establecidas en la Regla 52.1 de Procedimiento Civil, *supra*, debemos pasar entonces a un segundo escrutinio. El mismo se caracteriza por la discreción que ha sido conferida al Tribunal de Apelaciones para autorizar, expedir y adjudicar en sus méritos el caso.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R. 40, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[7]

Reiteradamente, el Tribunal Supremo de Puerto Rico ha expresado que en su misión de hacer justicia la discreción "es el más poderoso instrumento reservado a los jueces". ***Rodríguez v. Pérez***, 161 DPR 637, 651 (2004); ***Banco Metropolitano v. Berríos***, 110 DPR 721, 725 (1981). La discreción se refiere a "la facultad que tiene [el tribunal] para resolver de una forma u otra, o de escoger entre varios cursos de acción". ***Citibank et al. v. ACBI et al.***, 200 DPR

---

[7] Esta Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. (Énfasis nuestro).

724, 735 (2018); ***García López y otro v. E.L.A.***, 185 DPR 371 (2012). En ese sentido, ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Íd.; ***Medina Nazario v. McNeil Healthcare LLC***, supra, pág. 729. Lo anterior "no significa poder actuar en una forma u otra, haciendo abstracción del resto del Derecho". ***Hietel v. PRTC***, 182 DPR 451, 459 (2011); ***Pueblo v. Rivera Santiago***, 176 DPR 559, 580 (2009); ***Negrón v. Srio. de Justicia***, 154 DPR 79, 91 (2001); ***Bco. Popular de P.R. v. Mun. de Aguadilla***, 144 DPR 651, 658 (1997). Ello, ciertamente, constituiría un abuso de discreción.

En ese sentido, el Tribunal Supremo de Puerto Rico ha establecido que "la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia". ***Citibank et al. v. ACBI et al.***, supra, pág. 735. Cónsono con ello, es norma reiterada que este tribunal no intervendrá "con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por dicho foro en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso con el ejercicio de la discreción, o que incurrió en error manifiesto". Íd., pág. 736. Véase, además, ***Trans-Oceanic Life Ins. v. Oracle Corp.***, 184 DPR 689, 709 (2012); ***Lluch v. España Service Sta.***, 117 DPR 729, 745 (1986).

### IV.

Tras un análisis objetivo, sereno y cuidadoso de la petición de *certiorari*, a la luz de los criterios esbozados tanto en la Regla 52.1 de Procedimiento Civil, *supra*, como en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos que debemos abstenernos de ejercer nuestra función revisora. A nuestro juicio, no atisbamos motivo o error alguno que amerite nuestra intervención con el manejo del caso que ha establecido el TPI. La

determinación del foro primario es esencialmente correcta en derecho. La parte peticionaria tuvo suficiente tiempo y amplias oportunidades para cumplir con las órdenes del foro primario y no cumplió. Pese a las reiteradas advertencias del foro primario, incumplió obstinadamente.

**V.**

Por las razones expuestas, se *deniega* la expedición del auto de *certiorari.* Así dispuesto, la *Moción en auxilio del Tribunal* se torna académica y no requiere nuestra adjudicación.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones